BOWES, Judge.
This is the second appeal stemming from a workmen’s compensation claim filed by plaintiff in 1980. This court held, in Fillwock v. Brown & Root, Inc., et al, 422 So.2d 458 (La.App. 5th Cir.1982), that it was harmless error to admit into evidence the deposition of Dr. C.B. Scrignar, which deposition was based on a psychiatric examination conducted after trial on the merits. We felt that there was sufficient additional evidence from other physicians to affirm the trial judge’s finding of total temporary disability. Following our affirmation, defendants sought in the district court to determine the precise period of disability involved.
The defendants deposed Dr. Scrignar (the only physician still treating plaintiff), issued a draft in the amount of $22,145.96, which represented compensation through Nov. 9, 1982, and moved to have the original trial judgment marked satisfied. The deposition of Dr. Maria Palmer, plaintiff’s neurologist, was also placed into evidence at this time. Considering both depositions, (and noting that plaintiff had cashed the draft), the trial judge marked the judgment as “satisfied”. It is from this ruling that plaintiff now appeals. We affirm.
The following pertinent facts emerge from the depositions: Dr. Scrignar last saw the plaintiff in November, 1981, for treatment. The social worker affiliated with the doctor last saw plaintiff on March 30, 1982. Dr. Scrignar examined Fillwock on November 8,1982, in order to determine his (plaintiff’s) status for purposes of deposition. Dr. Scrignar opined that during sometime between November, 1981, and March, 1982, plaintiff became able to return to work; certainly he was able to work as of the. date of deposition, November 9, 1982.
Dr. Palmer testified that she had not treated plaintiff from October, 1980, through December 28, 1982, at which time he contacted her complaining of weekly headaches, associated with nausea and vomiting. The headaches purportedly occurred throughout the entire period of time since Dr. Palmer had last seen plaintiff. There were no objective findings to conform with Mr. Fillwock’s subjective complaints — a CAT scan, x-rays, and an E.E.G. were normal. In fact, there had been no objective findings at all since January, 1980. Dr. Palmer assigned a 10-20% disability rating to plaintiff based on his stated complaints.
Dr. Scrignar, also noting that plaintiff complained of headaches (although his report does not mention nausea and vomiting), still found that plaintiff could resume employment.
From the time of the original trial of the matter through November, 1981, Dr. Scrig-nar was the only treating physician. Plaintiff had consulted no doctors for one *212 year after that, until he saw Dr. Palmer in 1982. According to both physicians, Fill-wock’s problems were primarily psychological — “post-traumatic stress” — and, according to his psychiatrist, this problem had been resolved sufficiently to recommend a return to work.
Under the facts of this case as established in the record, we find there was a reasonable basis for the trial court’s conclusions, and, in the absence of manifest error, we will not disturb his findings. See Canter v. Koehring Co., 283 So.2d 716 (La.1973). Therefore, the judgment appealed from is affirmed. Plaintiff will pay all costs of this appeal.
AFFIRMED.